# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **RICHARD LARIVIERE, LISA SIEGEL,** <br> and **HIGHLAND ASSOCIATES NO. 1 LLC,** | ) <br> ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | **Civil Action No.** <br> **11-40065-FDS** |
| v. | ) <br> ) | |
| **HELEN LARIVIERE,** <br> **HIGHLAND APARTMENTS LLC,** <br> **WORCESTER WEST, LLC,** <br> **HIGHLAND ASSOCIATES OF** <br> **WORCESTER NO. 1, LLC, HIGHLAND** <br> **ASSOCIATES OF WORCESTER NO. 2, LLC,** <br> **BOWDITCH & DEWEY, LLP,** <br> **GERALD KASHUCK, WORCESTER** <br> **HOUSING AUTHORITY, and** <br> **CITY OF WORCESTER,** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | ) <br> ) | |

## ORDER ON DEFENDANTS' MOTION TO DISMISS, DEFENDANT WORCESTER HOUSING AUTHORITY'S MOTION TO DISMISS, AND PLAINTIFFS' MOTION FOR MEMORANDUM OF *LIS PENDENS*

**SAYLOR, J.**

Plaintiffs Richard Lariviere, Lisa Siegel, and Highland Associates No. 1 LLC, have filed a lengthy complaint against defendants Helen Lariviere, various LLCs, the law firm of Bowditch & Dewey, LLP, Gerald Kashuck ("collectively, the "non-Worcester defendants"), the Worcester Housing Authority ("WHA"), and the City of Worcester. The complaint asserts multiple allegations of wrongdoing arising out of various real estate transactions undertaken in the wake of a divorce decree. It appears that at least some of the subject matter of the complaint has also

been the subject matter of multiple state-court lawsuits.

### 1. **Motion to Dismiss – Non-Worcester Defendants and WHA**

The non-Worcester defendants and WHA have moved to dismiss the complaint for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure. In substance, defendants contend that the complaint is verbose, redundant, and incomprehensible, and that they cannot effectively respond to it in its current form.

The Court agrees with that characterization of the complaint. The complaint is 56 pages long, with more than 100 paragraphs of rambling, difficult-to-follow text. Rule 8 requires a "short and plain statement of the claims showing that the pleader is entitled to relief," and the complaint clearly violates that requirement.

The Court also notes that the basis of the federal claims alleged in the complaint is not entirely clear. Plaintiffs assert a claim under 28 U.S.C. § 1983 against the Worcester Housing Authority and the City of Worcester, but these entities can only be liable, if at all, under a *Monell*-type theory, not a theory of *respondeat superior*. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978). The factual basis for such a claim is, however, not evident from the complaint. Plaintiffs also claim that individual defendants are "state actors" for purposes of § 1983, but the specific factual basis, if any, for that conclusory statement is again not entirely evident. The complaint further asserts a claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e, but does not appear to have precisely identified either the debt, the date of attempted collection, or the alleged misrepresentation used to collect the debt. Finally, defendants have brought a vague claim under the Federal Qui Tam Act, 31 U.S.C. § 3729, based on possible violations of law that "may" possibly have injured the United States. If a plaintiff intends to assert

2

a federal claim, the factual basis needs to be made clear on the face of the complaint, or the complaint may be subject to dismissal for failure to state a claim.[1]

In any event, the complaint will be dismissed pursuant to Fed. R. Civ. P. 8 unless plaintiffs file an amended complaint within 30 days that contains a short and plain statement of their claims showing that they are entitled to relief and that otherwise complies with Rule 8.

### 2. Motion to Dismiss – Worcester Housing Authority

Defendant WHA has also moved to dismiss based on plaintiffs' failure to present their claim pursuant to Mass. Gen. Laws ch 258, § 4. WHA contends that a purported presentment letter dated January 5, 2011, contained "confusing and incomprehensible assertions of facts and circumstances" and therefore did not satisfy the statutory requirements.

Because the Court cannot ascertain the precise nature of plaintiffs' claims, it cannot ascertain whether the January 5 letter adequately presented the claim within the meaning of chapter 258, § 4. WHA's motion to dismiss will therefore be denied as to the presentment issue without prejudice to its renewal after the filing of an amended complaint that complies with Rule 8.

### 3. Motion for Memorandum of *Lis Pendens*

Plaintiffs have moved for a memorandum of *lis pendens* under Mass. Gen. Laws ch. 184, § 15(b). As a general matter, a party who has complied with the requirements of the statute is entitled to such a memorandum if "the subject matter of the action constitutes a claim of right to

---

[1] The complaint also indicates that state-court litigation involving the same subject matter is underway or has been completed, and seems to request that the Court vacate state-court judgments or enjoin state-court proceedings. As a general proposition, this Court may not simply vacate, enjoin, or reverse state-court proceedings. *See, e.g.,* 28 U.S.C. § 2283; *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. of Col. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

3

real property or the use and occupation thereof or the buildings thereon." Mass. Gen. Laws ch. 184, § 15(b). The purpose of such a memorandum, when recorded in the chain of title to real property, is to provide notice to all persons that certain property is the subject matter of litigation, and that any interests acquired during the pendency of the litigation and subject to its outcome. *See In re Thomas, Inc.*, 37 Bankr. Rptr. 387 (D. Mass. 1984).

Here, plaintiffs' motion for a memorandum of *lis pendens* seeks relief that is considerately more expansive than mere notice. Among other things, plaintiffs seek an order blocking the sale of certain real estate properties and an order directing a receiver appointed by the Superior Court to take certain actions, including "restor[ing] dormant HUD units" and taking "reasonable efforts to secure HUD leases and private leases in the now empty rental units . . . during the pendency of litigation." Pl. Mot. at 5. Such relief would greatly exceed the authority of the Court to issue a memorandum of *lis pendens* under ch. 184, § 15(b), and to the extent the motion seeks such relief, it will be denied.

In the event that plaintiffs file an amended complaint that complies with Rule 8, and verifies that complaint and otherwise complies with ch. 184, § 15(b), the Court will issue the requested memorandum. In the meantime, plaintiffs' motion for a memorandum of *lis pendens* will be denied without prejudice to its renewal after the filing of such a complaint.

### 4. **Conclusion**

For the foregoing reasons,

1. the motion to dismiss of defendants Bowditch & Dewey, LLP, et al. (Docket No. 12) is GRANTED, subject to paragraph 4 below;

2. the motion to dismiss of defendant Worcester Housing Authority (Docket No. 14)

is DENIED without prejudice to its renewal to the extent it is based on a failure to make presentment under Mass. Gen. Laws ch. 184, § 15(b), and GRANTED, subject to paragraph 4 below, to the extent it is based on Fed. R. Civ. P. 8;

3. plaintiffs' motion for a memorandum of *lis pendens* (Docket No. 19) is DENIED without prejudice to its renewal; and

4. this action will be DISMISSED in its entirety unless plaintiffs file an amended complaint that complies with Fed. R. Civ. P. 8 within 30 days of the date of this Order.

**So Ordered.**

                                                /s/ F. Dennis Saylor
                                                F. Dennis Saylor IV
                                                United States District Judge

Dated: July 29, 2011