UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RICHARD LARIVIERE, LISA SIEGEL, and HIGHLAND ASSOCIATES NO. 1 LLC, | |
| Plaintiffs, | Civil Action No. 11-40065-FDS |
| v. | |
| HELEN LARIVIERE, HIGHLAND APARTMENTS LLC, WORCESTER WEST, LLC, HIGHLAND ASSOCIATES OF WORCESTER NO. 1, LLC, HIGHLAND ASSOCIATES OF WORCESTER NO. 2, LLC, BOWDITCH & DEWEY, LLP, GERALD KASHUCK, WORCESTER HOUSING AUTHORITY, and CITY OF WORCESTER, | |
| Defendants. | |

## ORDER ON DEFENDANTS' MOTIONS TO DISMISS, AND PLAINTIFFS' MOTION FOR MEMORANDUM OF *LIS PENDENS*

**SAYLOR, J.**

Plaintiffs Richard Lariviere, Lisa Siegel, and Highland Associates No. 1 LLC have filed a lengthy amended complaint against defendants Helen Lariviere, various LLCs, the law firm of Bowditch & Dewey, LLP, Gerald Kashuck, the Worcester Housing Authority ("WHA"), and the City of Worcester. The amended complaint asserts multiple allegations of wrongdoing arising out of various real estate transactions undertaken in the wake of a divorce decree. It appears that at least some of the subject matter of the amended complaint has also been the subject matter of multiple state-court lawsuits.

This Court earlier ruled that the initial complaint did not comply with Fed. R. Civ. P. 8(a), and allowed plaintiffs to file an amended complaint that complied with the rule within 30 days of the Court's order. Plaintiffs then filed an amended complaint that, among other things, added 13 *qui tam* claims.[1] Defendants have now moved to dismiss the *qui tam* claims for failing to meet the threshold requirements of 31 U.S.C. § 3730(b), and to dismiss the remainder of the complaint pursuant to Rule 8.[2] Plaintiffs have also moved for a memorandum of *lis pendens*.

For the following reasons, defendants' motions will be granted. Because the Court is granting defendants' motions to dismiss the complaint, plaintiffs' motion for a memorandum of *lis pendens* will be denied as moot.

## I.     *Qui Tam* Claims

Defendants first contend that plaintiff's *qui tam* claims should be dismissed for failure to comply with the notification and filing requirements of 31 U.S.C. § 3730(b)(2). Plaintiffs argue that although they did not comply with every provision of the statute, their claims should nonetheless survive because they "substantially complied" with the requirements. 31 U.S.C. § 3730(b)(2) states:

> A copy of the complaint and written disclosure of substantially all material evidence and information the person possesses shall be served on the Government pursuant to Rule 4(d)(4) of the Federal Rules of Civil Procedure. The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders. The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information.

---

[1] The government declined to intervene in this action by Notice dated January 9, 2012.

[2] Defendants also contend that certain claims are barred by collateral estoppel, and that the claims against the Worcester Housing Authority should be dismissed on the basis that plaintiffs have failed to comply with Mass. Gen. Laws. ch. 258 § 4. For the reasons discussed below, the Court does not reach these issues.

31 U.S.C. § 3730(b)(2). These notification requirements were enacted "to allow the Government an adequate opportunity to fully evaluate the private enforcement suit and determine both if that suit involves matters the Government is already investigating and whether it is in the Government's interest to intervene and take over the civil action." *United States ex rel. Pilon v. Martin Marietta Corp.*, 60 F.3d 995, 998-99 (2d Cir. 1995); *see also United States ex rel. Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 231 (1st Cir. 2004). "A secondary objective was to prevent defendants from having to answer complaints without knowing whether the government or relators would pursue the litigation." *Pilon*, 60 F.3d at 998-99. Accordingly, "[f]ailure to comply with these mandatory threshold requirements warrants dismissal of the *qui tam* complaint with prejudice." *United States ex rel. Stevens v. Vermont Agency of Natural Resources*, 162 F.3d 195, 200 (2d Cir. 1998).

Plaintiffs did not file the amended complaint in camera or under seal and did not wait for a court order before serving defendants. Thus, "[a]ny settlement value that might have arisen from the complaint's sealed status was eliminated." *Pilon*, 60 F.3d at 999. Plaintiffs served the government with a copy of the summons and the amended complaint, giving the government an opportunity to review the claims and determine whether settle or intervene.[3] However, plaintiffs did so on September 9, 2011, *after* serving the defendants on August 26. (*See* Pl. Mem. Ex. 8). Consequently, "[d]efendants were placed in the position of having to answer a complaint without knowing who would prosecute the action. And any possibility of an ameliorating, predisclosure

---

[3] There is nothing in the record, however, indicating that plaintiffs provided the government with a "written disclosure of substantially all material evidence and information the person possesses." 31 U.S.C. § 3730(b)(2).

government decision not to pursue the [plaintiffs'] claim" could not occur because of "the premature publication of the allegations." *Pilon*, 60 F.3d at 999.

Plaintiffs failed to comply with these mandatory threshold requirements, and therefore their *qui tam* claims should be dismissed.[4] The Clerk will notify the government accordingly, and if no response is received within 14 days of the date of this Order, the Clerk will enter an order of dismissal. *See* 31 U.S.C. § 3730(b)(1) ("The action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting."). *But see United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 91 (2d Cir. 2008) ("[Section 3730(b)(1)] appl[ies] 'only in cases where a plaintiff seeks voluntary dismissal of a claim or action brought under the False Claims Act, and not where the court orders dismissal.'" (quoting *Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990)).[5]

## II.     Rule 8(a)

Defendants have moved to dismiss the remaining claims for failing to comply with Fed. R. Civ. P. 8. Rule 8 states that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This "short and plain statement" must "give the defendant fair notice of the claim and its factual basis," and "possess enough heft to show that the pleader is entitled to relief." *SEC v. Tambone*, 550 F.3d 106, 118 (1st Cir. 2008) (internal quotations, citations and original textual alteration omitted), *overruled on other grounds by* 597 F.3d 436 (1st Cir. 2010). Dismissal for

---

[4] The government, of course, is "free to bring suit on its own." *Stevens*, 162 F.3d at 200.

[5] On March 21, 2012, the Court issued an Order stating that "should Relator or Defendants propose that this action be dismissed, settled, or otherwise discontinued, the Court will solicit the written consent of the United States before ruling or granting its approval."

4

failing to comply with Rule 8 is an appropriate remedy if the complaint is "excessively long and unnecessarily redundant" despite an opportunity to amend, *see Kuehl v. FDIC*, 8 F.3d 905, 908 (1st Cir. 1993), or "is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Sayied v. White*, 89 Fed. Appx. 284, at *284 (1st Cir. 2004) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

This Court previously provided plaintiffs with a 30-day period to file an amended complaint that complies with Rule 8. In its order, the Court noted that the complaint was 56 pages long, with more than 100 paragraphs of rambling, difficult-to-follow text. The amended complaint is 55 pages long, with more than 100 paragraphs of rambling, difficult-to-follow text. It appears that plaintiffs eliminated and consolidated some factual paragraphs, added several paragraphs of legal argument to some claims (apparently in response to the Court's observation that the basis of the federal claims alleged in the complaint was not entirely clear), and reorganized other claims to assert 13 additional *qui tam* claims. However, these changes do not make plaintiffs' claims any more comprehensible.

Despite this Court's order to amend the complaint to comply with Rule 8, the amended complaint is still extremely verbose, redundant, and incoherent, such that "it would [be] unreasonable to expect defendants to frame a response to it." *Sayied*, 89 Fed. Appx. at *284; *see also Martin v. Hunt*, 29 F.R.D. 14, 15-16 (D. Mass. 1961). The amended complaint clearly violates Rule 8, and defendants' motions to dismiss the amended complaint will therefore be granted.

**III.     Conclusion**

For the foregoing reasons, the Clerk is directed to notify the United States of the Court's

determination that the *qui tam* claims should be dismissed; if no response is received within 14 days of the date of this Order, defendants' motions to dismiss those claims will be GRANTED. Defendants' motions to dismiss the remaining claims are GRANTED. Plaintiffs' motion for a memorandum of *lis pendens* is denied as moot.

**So Ordered.**

                                                    /s/ F. Dennis Saylor
                                                    F. Dennis Saylor IV
                                                    United States District Judge

Dated: May 18, 2012