UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD LARIVIERE, LISA SIEGEL,<br>and HIGHLAND ASSOCIATES NO. 1 LLC,<br><br>       Plaintiffs,<br><br>       v.<br><br>HELEN LARIVIERE,<br>HIGHLAND APARTMENTS LLC,<br>WORCESTER WEST, LLC,<br>HIGHLAND ASSOCIATES OF<br>WORCESTER NO. 1, LLC, HIGHLAND<br>ASSOCIATES OF WORCESTER NO. 2, LLC,<br>BOWDITCH & DEWEY, LLP,<br>GERALD KASHUCK, WORCESTER<br>HOUSING AUTHORITY, and<br>CITY OF WORCESTER,<br><br>       Defendants. | Civil Action No.<br>11-40065-FDS |

## ORDER ON PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

SAYLOR, J.

On May 18, 2012, this Court dismissed Plaintiffs' First Amended Complaint for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure. The Court had previously granted plaintiffs the opportunity to amend their original complaint to comply with Rule 8(a). Plaintiffs failed to do so, and the First Amended Complaint was dismissed. Plaintiffs now move for relief from judgment, and have attached a proposed Second Amended Complaint.

Fed. R. Civ. P. 60(b) provides that a court may relieve a party from a final judgment or order under certain enumerated circumstances. Plaintiffs here seek relief under Rule 60(b)(6),

which permits a court to set aside a judgment for "any other reason that justifies relief." The First Circuit has interpreted this provision to apply only when the moving party can show "'exceptional circumstances justifying extraordinary relief.'" *Dr. Jose S. Belaval, Inc. v. Perez-Perdomo*, 465 F.3d 33, 38 (1st Cir. 2006) (quoting *Ahmed v. Rosenblatt*, 118 F.3d 886, 891 (1st Cir. 1997)).

Plaintiffs' motion here is, in substance, simply a motion for reconsideration; plaintiffs contend that the Court's original decision was wrongly decided.

As a general matter, a court should only grant a motion for reconsideration when the movant demonstrates (1) an intervening change in the law, (2) the discovery of new evidence not previously available, or (3) a clear error of law. *See Davis v. Lohan*, 89 F. Supp. 2d 142, 147 (D. Mass. 2000). Here, plaintiffs have failed to provide any new basis for granting relief. Plaintiffs essentially contend that the Court should simply give them a further opportunity to file an amended complaint. That is not a sufficient basis for the Court to reconsider its earlier decision. The Court noted the problems with the complaint, and gave plaintiffs a fair opportunity to fix them; there is no requirement that plaintiffs (particularly those who are represented by counsel) be given repeated opportunities to file a complaint that complies with the rules.

Accordingly, and for the foregoing reasons, plaintiff's motion for relief from judgment will be DENIED.

**So Ordered.**

F. Dennis Saylor IV
United States District Judge

Dated: November 1, 2012

2